JUDGE KOELTL

08 CV 3511

197-08/PJG
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
Aracruz Trading Ltd.
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
Peter J. Gutowski (PG 2200)
Barbara G. Carnevale (BC 1651)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ARACRUZ TRADING LTD.,

                Plaintiff,

-against-

JAPAUL OIL AND MARITIME SERVICES PLC,

                Defendant.
-------------------------------------------------------------x

08 CIV. _____ ( )

**VERIFIED COMPLAINT**

Plaintiff ARACRUZ TRADING LTD ("ARACRUZ"), by its attorneys Freehill Hogan & Mahar LLP, as and for its Verified Complaint against Defendant JAPAUL OIL AND MARITIME SERVICES PLC ("JAPAUL"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for damages arising from a collision between the M/T GAS AMAZON and the derelict ship STELLAR which was being towed by the tug JAPAUL B. The case thus falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, *et seq.*

2. At all times material hereto, Plaintiff ARACRUZ was and still is a business entity organized and existing under the laws of the Marshall Islands, with an

NYDOCS1/302212.1

office and place of business in c/o its agent Stealth Maritime Corporation S.A. at 331 Kifissias Avenue 14561 Kifissia, Greece.

3. At all times material hereto, Plaintiff ARACRUZ was and still is the Owner of the ocean going M/T GAS AMAZON.

4. At all times material hereto, Defendant JAPAUL was and still is a business entity organized and existing under the laws of a foreign country, with an office and place of business at Plot 39 Eastern-By-Pass, Maritime Base, Port Harcourt, Rivers State, Nigeria, and was and still is the owner of the tug boat JAPAUL B.

5. On or about February 19, 2008, the Defendant's tug boat JAPAUL B undertook to tow a wrecked and derelict vessel the M/T STELLAR through the outer anchorage at Port Harcourt.

6. While under the control and tow of the JAPAUL B, the M/T STELLAR struck and hit the M/T GAS AMAZON while the latter was at anchor.

7. The cause of the collision was the negligence of the Defendant, its servants or agents in their failure to properly navigate the flotilla consisting of the JAPAUL B and the M/T STELLAR and/or otherwise in their failure to observe and adhere to all provisions of applicable legislation and international regulations regarding the movements of vessels and the avoidance of collision.

8. As a consequence of the foregoing, the Plaintiff has suffered damages which, as nearly as can be computed, include the following items of claim:

| | |
|---|---|
| Temporary repairs in Lagos | USD   2,500.00 |
| General expenses in Lagos | USD   3,500.00 |
| Permanent repairs in Algeciras | USD 120,000.00 |
| Disbursements account | USD  30,000.00 |

| | |
|---|---|
| General expenses in Algeciras | USD  25,000.00 |
| Inerting and gassing-up expenses | USD  75,000.00 |
| Total off-hire | USD370,000.00 |
| Bunkers/LO consumption | USD130,000.00 |
| Total | USD756,000.00 |

9.  Plaintiff expressly reserves the right to amend this Complaint to adjust the quantum of its claims as additional information becomes available and/or to amend this Complaint to incorporate any further or additional types of damage as yet not readily apparent.

10.  After investigation, the Defendant JAPAUL cannot be "found" with the District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant in its name or as may be held, received or transferred for its benefit at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

11.  This action is brought to obtain jurisdiction over the Defendant, and to obtain security in respect to the Plaintiff's damages, together with an allowance for interest and anticipated costs which, as nearly can be estimated, totals $158,760, and for judgment on the claim and subsequent enforcement thereon against any security obtained in this action.

12. Based upon the foregoing, the total amount Plaintiff seek to attach in this action, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, is **$914,760.**

W H E R E F O R E, Plaintiff pray:

a. That process in due form of law according to the practice of this Court may issue against Defendant JAPAUL, citing it to appear and answer the foregoing failing which a default will be taken;

b. That if the Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant as described herein, up to and including the amount of the claims of **$914,760** be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held or being transferred to or for the benefit of the Defendant at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein;

c. That this Court enter judgment on the Plaintiff's claims as aforesaid and/or retain jurisdiction of this matter for purposes of entry of judgment on any judgment entered elsewhere and thereafter enter judgment herein and allow execution against any assets restrained by virtue of this action and,

    d. That Plaintiff has such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
      April 10, 2008

                    FREEHILL HOGAN & MAHAR LLP
                    Attorneys for Plaintiff

By: _____
                    Peter J. Gutowski (PG 2200)
                    80 Pine Street
                    New York, NY 10005

NYDOCS1/302212.1

## ATTORNEY VERIFICATION

State of New York   )
                    ) ss.:
County of New York  )

Peter J. Gutowski, being duly sworn, deposes and says:

1. I am an attorney with the law firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiffs in this action. I have read the foregoing Amended Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our client and its Hong Kong solicitors and documents provided by our client and its Hong Kong solicitors regarding this claim.

3. The reason this verification is made by an attorney and not by the Plaintiffs is because the Plaintiffs are foreign entities, none of whose officers are presently within the State of New York.

Peter J. Gutowski

Sworn to before me this
10th day of April, 2008

NOTARY PUBLIC

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2010

NYDOCS1/302212.1