UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ARACRUZ TRADING LTD.,                            08 Civ. 3511 (JGK)

                       Plaintiff,        **NOTICE OF MOTION**

       -against-

JAPAUL OIL AND MARITIME SERVICES, PLC

                       Defendant.
-------------------------------------------------------x

**PLEASE TAKE NOTICE**, that upon the annexed affirmation of Philip Akakwam, Esq.

duly affirmed on 23rd day of July, 2008, and upon the exhibits attached thereto, the

accompanying Memorandum of Law in support of this motion, the affidavit of Olaronke

Esemitodje, an officer of the defendant corporation, sworn on 14th day of July, 2008, and upon

all the pleadings and proceedings heretofore had herein, the defendant, will move this Court,

before the Honorable John G. Koeltl, United States District Judge at the courthouse located at

500 Pearl Street, New York, NY 10007, for an order pursuant to Rule 12(b) of the Federal Rules

of Civil Procedure dismissing this action for lack of personal and subject matter jurisdiction over

the defendant herein, and on the grounds of the doctrine of *forum non conveniens,* and for such

other and further relief which to this Court seems just and proper.

Dated: BROOKLYN, NEW YORK
       July 23, 2008

                                    Philip Akakwam, Esq.
                                    Attorney for Defendant
                                    Japaul Oil & Maritime Services, PLC
                                    303 Livingston Street, 2Fl
                                    Brooklyn, NY 11217
                                    (718) 858-2488

cc:    <u>BY ECF</u>

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
Aracruz Trading Ltd
80 Pine Street
New York, NY 10005
(212) 425-1900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ARACRUZ TRADING LTD.,                                   08 Civ. 3511 (JGK)

                        Plaintiff,              **AFFIRMATION IN**
          -against-                             **SUPPORT OF MOTION**

JAPAUL OIL AND MARITIME SERVICES, PLC

                        Defendant.
-------------------------------------------------------x

     PHILIP AKAKWAM, ESQ., an attorney admitted to practice law in the State of New York, and a member in good standing of the Bar of this Court, affirms the following under penalties of perjury:

     1.    I am the attorney for the defendant in the within action and as such I am familiar with the facts and circumstances set forth herein, based upon a review of the case file maintained by my office in this matter and information from my clients.

     2.    This affirmation is submitted in support of Defendant's Motion to dismiss the within action for lack of personal and subject matter jurisdiction and on the grounds of *forum non conveniens.*

     3.    This is an action in admiralty within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

     4.    The action arises from a collision between two vessels in the territorial waters of the Federal Republic of Nigeria.

     5.    The plaintiff seeks to recover damages for loss allegedly caused to its vessel M/T GAS AMAZON by defendant's vessel JAPAUL B while the latter was towing a derelict Ship, STELLAR.

     6.    Both parties in this action are foreigners. Paragraph 2 of plaintiff's complaint states that plaintiff is a foreign corporation organized under the laws of Marshal Islands and with

an office and place of business in Kifissia, Greece.

7.    And Paragraph 4 of plaintiff's complaint acknowledges that defendant is a foreign corporation located in Port Harcourt, Rivers State, Nigeria. Defendant is a Nigerian corporation with no contacts in the United States. A copy of the complaint is attached as Exhibit 2.

8.    According to the affidavit of Olaronke Esemitodje , an officer of defendant, the defendant does not conduct any business in the United States, and all its employees reside in Nigeria. It does not have any contacts in New York or the United States. A copy of the affidavit is attached as Exhibit 1.

9.    According to plaintiff's complaint, the offending events causing plaintiff's alleged damages occurred solely in Port Harcourt, Nigeria. In fact, at the time of the accident, the plaintiff's vessel was anchored within the "Bonny Anchorage", within the territorial waters of Nigeria, and subject to the control and jurisdiction of the sovereign state of Nigeria.

10.    All of the witnesses to these incidents, except for the plaintiff, are located and reside in Nigeria. There are no witnesses that reside in the State of New York, or United States for that matter.

11.    Neither plaintiff nor the alleged incident had any connection whatsoever with the United States. Therefore, this Honorable Court should dismiss this action for Forum Non Conveniens and/or lack of jurisdiction over all the necessary parties, because whatever rights the plaintiff may have can be more adequately litigated in the Federal Republic of Nigeria.

12.    Transportation of these witnesses and the physical evidence to New York for trial would be at a considerable expense and inconvenience to the defendant.

13.    More importantly, even if defendant had the resources and witnesses were willing to travel to New York to participate in this proceedings, there is no guarantee that such witnesses will be granted visa to travel to the United States. Also, there is no guarantee that the officers of

2

the defendant company will be granted visa to travel to the United States to defend this action.

14.    As stated in the affidavit of the defendant officer, they could not obtain visa to Spain to inspect the vessel after the plaintiff's took the allegedly damaged vessel to Spain.

15.    Following the incident set out in the complaint, the Nigerian Police was called to the scene of the accident and conducted investigations into the incident. The defendant cannot compel the Nigerian Police to appear in New York for a trial.

16.    Because this incident occurred entirely in Port Harcourt, Nigeria, the law that must be applied to determine liability and damage is the law of the Federal Republic of Nigeria.

17.    The plaintiff has an available forum in which to seek redress for any damages suffered in this incident, in that plaintiff may file an action in the Federal High Court in Nigeria which is the court conferred with exclusive jurisdiction in admiralty and maritime matters under the Constitution of Nigeria. There Nigerian courts are not only available but are also an adequate alternative forum.

18.    I have been advised by the defendant's officers that defendant has not yet been served with the summons and complaint in the within action.

19.    That as is more fully set out in the accompanying Memorandum of Law, this motion should be granted for lack of personal and subject matter jurisdiction and on the basis of forum non conveniens.

Dated: Brooklyn, New York
       July 23, 2008

Philip A. Akakwam (PA 8294)

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==============================X 08 CV 3511

ARACRUZ TRADING LTD.,

                Plaintiff,                AFFIDAVIT IN SUPPORT

        -Against-


JAPAUL OIL AND MARINE SERVICES
                Defendant
==============================X


I, Olaronke Esemitodje (Mrs), Nigeria Citizen, Christian, Female, Adult, Solicitor
of No. 39 Eastern-by-pass, Marine Base, Port Harcourt, Rivers State, Nigeria, being
duly sworn, deposes and states as follows:

1. That I am an officer of the defendant herein, in that I am the Company
   Secretary/Legal adviser of the defendant corporation and as such I am familiar
   with the facts and circumstances of this action.

2. That this affidavit is submitted in support of the within application seeking the
   dismissal of the subject action predicate on forum non convinens, lack of personal
   jurisdiction and an application to vacate the court ordered Order of Attachment.

3. That the plaintiff herein commenced the subject action to seek damages for
   alleged property damage to its vessel, which was alleged to have occurred in Port
   Harcourt, Rivers State, Nigeria.

4. That the defendant corporation is duly registered to do business in Nigeria without
   any presence in United States. A certified true copy from the Corporate Affairs
   Commission Headquarters of the Companies registry in Nigeria of the notice of
   situation of the registered office of the Defendant Corporation called "Form C06"
   is exhibited hereto and marked as Exhibit OE1.

5. That there are no employees of the corporation in the United States of America.

6. That the defendant corporation does not engage in any business transaction in New York State to suggest that the defendant intends to benefit from the laws of New York State.

7. That while we deny any negligence on the part of the defendant herein, in the event that the within action goes to trial, there are over five employees of our corporation who are competent, necessary and compelling witnesses in this action.

8. That undoubtedly, the defense of this action in United States has caused untold hardship to our corporation which is continuing and it will continue to cause more hardship and expenses in the future.

9. That apart from the employees of the corporation, there are witnesses which include but not limited to members of the Nigeria Police, our retained surveyor, the captain of the vessel and engineer.

10. That the Nigerian court is capable and available to effectively adjudicate this matter. This is so especially when the Legal system in Nigerian is similar to the United States legal system in that it is Anglo Saxon in nature.

11. Also, the Nigerian laws are not repugnant to natural justice, equity, good conscience and public policy in United States but based on democratic norms and principles.

12. That to bring the aforementioned witnesses to United State is simply impossible because it is expensive and likelihood of obtaining United State visas is negative. For example our retained surveyor/ engineer could not obtain a visa to visit Spain in order to inspect the plaintiff alleged damaged vessel.

13. Also, plaintiff has consistently acted in bad faith in respect of this matter in that they unjustifiably moved their vessel from Nigeria where the alleged accident occurred to Spain without giving the defendant and the Nigeria Police an opportunity to determine the nature and extent of the damage to the vessel through an inspection.

14. Also, plaintiff commenced this action in this court in bad faith, in that they only intend to harass and intimidate the defendant. This is so especially when the defendant and its affiliated companies have consistently commenced and defended various actions in Nigerian courts.

15. That the Plaintiff has a retained solicitor in Nigeria. A copy of the letter written by the Plaintiff's Solicitors letter to the defendant corporation is exhibited hereto and marked Exhibit OE2.

16. That the already exparte order obtained by the plaintiff in this action, has nearly grounded the defendant's business as more than $2,000,000.00 (Two Million Dollars) of the Defendant Corporation monies had been garnisheed, where as what the Plaintiff is claiming is less than $1,000,000.00 (One Million Dollars).

17. That defendant has no business contacts with the territorial jurisdiction of this court to warrant this honorable court to assume jurisdiction.

18. That there has been no previous application for the relief requested herein.

**WHEREFORE,** it is respectfully requested that the within application be granted in its entirety.



**Olaronke Esemitodje (Mrs)**

Sworn to before me this .....14th.........day of July, 2008.

_Chaconye Akfaronba_ SAN
NOTARY PUBLIC



# CORPORATE AFFAIRS COMMISSION

P.M.B.198, ABUJA

Form C.O.6

RC:NO _____

## COMPANIES AND ALLIED MATTERS DECREE 1990

Notice of Situation of Registered Office or of any change therein.

*Pursuant to Section 630 (2)*

Name of Company: JAPAUL _____ LIMITED _____ Limited.

by Name: LAI IYESE CHERKUNLE ESQ.

REGISTERED CHANGES

CHALITE HIMMA FILLING STATION

GWAGWALADA - ABUJA

*Chasnye Akparanta SAN*

**NOTICE OF SITUATION OF REGISTERED OFFICE OF**

_____ Limited

JAPAUL _____

_r of any change therein.

**TO THE REGISTRAR GENERAL.**

_____ Limited hereby gives

JAPAUL

_u notice, in accordance with section 630 (2) of the Companies Decree that the Registered.

Office of the Company is situated at. NO 4. OLUSEGUN STREET,

WOJI, PORT-HARCOURT, RIVERS STATE.

Corporate Affairs Commiss
Certified True Copy
1 1 JUL 2008

Name: ......................
Designation: (Signature)
Signature: ......................

(State whether Director or Manager or S

Chasnye Celebaranta SAU

_____ day of MAY ____ 19__ 9

21st

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------x

ARACRUZ TRADING LTD.,                                    08 Civ. 3511 (JGK)

        Plaintiff,

  - against-

JAPAUL OIL AND MARITIME SERVICES, PLC

        Defendant.
----------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANT'S MOTION TO DISMISS

**PHILIP AKAKWAM, ESQ**
**303 Livingston Street, 2Fl**
**Brooklyn, New York 11217**
**(718) 858-2488**

**Attorney for Defendant**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ------------------------------------------------------------- ii

PRELIMINARY STATEMENT ------------------------------------------------------------ 1

STATEMENT OF FACTS --------------------------------------------------------------- 2

ARGUMENT -------------------------------------------------------------------------- 3

    POINT 1 ------------------------------------------------------------------------ 3

        THE COURT LACKS PERSONAL JURISDICTION
        OVER THE DEFENDANT ------------------------------------------- 3

    POINT II ----------------------------------------------------------------------- 4

        THE COURT LACKS SUBJECT MATTER JURISDICTION ------ 4

    POINT III ---------------------------------------------------------------------- 5

        THE CASE SHOULD BE DISMISSED ON GROUNDS
        OF FORUM NON CONVENIENS -------------------------------------- 5

        A.    The Applicable Legal Standards --------------------------------- 5

        B.    Availability of Alternative Forum --------------------------------- 6

        C.    Nigeria is the Most Convenient Forum for Trial ------------------ 8

        D.    No Public Interest to Adjudicate this Case
            in this Forum ------------------------------------------------- 11

CONCLUSION ------------------------------------------------------------------------ 12

## TABLE OF AUTHORITIES

**CASE**                                                                      **PAGE**

Alcoa S.S. Co., Inc. v. M/V Nordic Regent, 1979 AMC 1 (2 Cir., 1979) -----------    8

Amelia B. Penny, Admx., et al v. United Fruit Company, et al,
1995 AMC 652 -----------------------------------------------------------------------    8

Burger King Corp. v. Rudzewitz, 471 U.S. 462, 471-72 (1985) ---------------------    3

Gonzalez v. Chrysler Corp., 301 F.3d 377 (5th Cir. 2002) -----------------------------    7

Gulf Oil Corp. v. Gilbert, 330 U.S. 501 --------------------------------------------------    5, 11

Handerson v. INS, 157 F.3d 106, 123 (2nd Cir., 1998) ----------------------------------    3

International Shoe v. Washington, 326 U.S. 310 (1945) ---------------------------------    3

Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527 -----------    4

Maganlal & Co. v. M.G. Chem. Co., 942 F.2d 164, 167 (2 Cir. 1991) -----------------    8

Perusahaan Umum Listrik Negara Pusat v. M/V Tel Aviv, Etc, et al,
1985 AMC 67, 711 F.2d 1231 -------------------------------------------------------------    6

Piper Aircraft Co. v. Reyno, 454 U.S. 235 ----------------------------------------------    6, 7, 8

Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574 ---------------------------------------    3-4

Sharma v. Skaarup Ship Management Corp.,
699 F.Supp 440, 448 (S.D.N.Y. 1988) --------------------------------------------------    4

Sinochem International Co., Ltd v. Malaysia International Shipping Corporation,
2007 AMC 609 --------------------------------------------------------------------------------    5

Vasquez v. Bridgestone/Firestone, Inc., 325 U.S. 665 (5th Cir. 2003) -------------------    7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ARACRUZ TRADING LTD.,

                    Plaintiff,                  08 Civ. 3511 (JGK)

      -against-

JAPAUL OIL AND MARITIME SERVICES, PLC,

                    Defendant.
-------------------------------------------------------x

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR DISMISSAL PURSUANT TO RULES 12(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

### PRELIMINARY STATEMENT

Plaintiff brings this action pursuant to the Court's Admiralty and Maritime Jurisdiction under 28 U.S.C. § 1333, et seq. for damages allegedly arising from a collision between plaintiff's vessel M/T Gas Amazon and a derelict ship Stellar while the later was being towed by the tug boat Japaul B owned by the defendant. The collision occurred within the territorial waters of the Federal Republic of Nigeria. None of the events giving rise to the within action occurred in the Southern District of New York or in the United States of America.

The parties are neither citizens nor residents of the State of New York or the United States of America. The defendant is a corporation registered in Nigeria and has no contacts to the State of New York. Defendant has not been served with the summons and complaint in this action.

The plaintiff, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, has attached property belonging to the defendant. Defendant now moves for dismissal pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on the grounds that (1)

the court lacks personal jurisdiction over the defendant; (2) the court lacks subject matter

jurisdiction, and (3) the Nigerian forum is the most appropriate and convenient forum for this

matter and the case should be dismissed on the doctrine of *forum non conveniens*.

## STATEMENT OF FACTS

This action arises from a collision in February 2008 between plaintiff's vessel and

another vessel being towed by defendant's tug boat, JAPAUL B. The collision occurred in the

coastal waters of Port Harcourt, Rivers State within the territorial waters of the sovereign nation

of Nigeria. The plaintiff's vessel proceeded under its own power to Lagos, Nigeria, and later to

Algeciras, Spain. The defendant's vessel was surveyed by damage experts in Nigeria. The

plaintiff's vessel was also surveyed and underwent repairs in Lagos, Nigeria.

Both parties herein are foreign corporations with no contacts in the State of New York or

United States. While the plaintiff is incorporated in the Marshall Islands, the defendant is a

Nigerian corporation whose employees including the captain and crew of the vessel JAPAUL B

are residents of Nigeria. The defendant is not doing business in the State of New York and has no

contacts in this State or any other states in the United States of America. (See Exhibit 1, affidavit

of Olaronke Esemitodje, an officer of defendant)

Plaintiff commenced the within action in April 2008 invoking the admiralty and maritime

jurisdiction of this Court. A copy of the Complaint is attached as Exhibit 2. At the time of this

motion, defendant has not been served with the summons and complaint in this matter. Acting

under Rule B of the Supplemental Rules of the Federal Rules of Civil Procedure, the plaintiff

sought and obtained an order attaching various assets of the defendant.

2

**ARGUMENT**

**POINT II**

**THE COURT LACKS PERSONAL JURISDICTION OVER THE DEFENDANT:**

The requirement that federal courts have personal jurisdiction over the litigants before

them arises from "an individual liberty interest in not being subject to the binding judgment of a

forum with which he has established no meaningful contacts, ties or relations. Burger King Corp.

v. Rudzewitz, 471 U.S. 462, 471-72 (1985). A federal court's jurisdiction over non-residents is

governed by the law of the State in which the court sits - including that State's long arm statute -

to the extent that the law comports with the constitutional requirements of due process under the

United States Constitution. Handerson v. INS, 157 F.3d 106, 123 (2nd Cir., 1998). In New York,

federal district courts would determine personal jurisdiction over foreign corporations by

reference to §§ 301 and 302 of the CPLR. The court lacks personal jurisdiction over the

defendant in the instant case in that the defendant herein falls outside the reach of New York's

jurisdictional statutes, the New York CPLR §§ 301 and 302. Defendant has not been served with

the summons and complaint herein. Even if the defendant were to be within the reach of such

jurisdictional statutes and can be served with process, the exercise of jurisdiction over defendant

in the present matter would be violative of their due process under the constitutional standards

laid down in International Shoe v. Washington, 326 U.S. 310 (1945), and its progeny. The

defendant herein is a Nigerian company with no contacts in the United States nor is there any

indication that it conducts business in New York or this country. (See Affidavit, Exhibit 1). Even

if defendant had any contacts with New York, such contacts must relate to the claim advanced by

the plaintiff in order for the court to have personal jurisdiction over the defendant. See Ruhrgas

3

AG v. Marathon Oil Co., 526 U.S. 574 And jurisdiction over defendant cannot be based on § 302

(Long Arm Statute) because plaintiff cannot show that the tortious act committed in Port

Harcourt Nigeria caused any injury in the State of New York. Also, it cannot be shown that

defendant had any significant contacts with New York to justify any exercise of jurisdiction over

it under New York's long arm jurisdiction statute.

**POINT II**

**THIS COURT LACKS SUBJECT MATTER JURISDICTION**:

Plaintiff had averred in its complaint that this court has subject matter jurisdiction

pursuant to 28 U.S.C. § 1333(1). It is trite law that a party seeking to invoke the admiralty

jurisdiction pursuant to 28 U.S.C. § 1333(1) over a tort case must satisfy predicate conditions of

both the location of the tort and maritime nature of the action. See Jerome B. Grubart, Inc. v.

Great Lakes Dredge & Dock Co., 513 U.S. 527, where the court held that Federal Maritime

jurisdiction applies to the navigable waters of the United States and the "high sea" but docs not

extend into the territorial waters of other nations. Also, in Sharma v. Skaarup Ship Management

Corp., 699 F.Supp 440, 448 (S.D.N.Y. 1988), the court held that no admiralty jurisdiction exists

for tort which allegedly occurred in Vancouver, British Columbia, outside the navigable waters

of the United States. In the instant case, it is not disputed that the tort occurred within the

territorial waters of the sovereign nation of Nigeria and outside the navigable waters of the

United States. There is therefore no admiralty jurisdiction over the matter herein.

## POINT III

## THE CASE SHOULD BE DISMISSED ON GROUNDS OF FORUM NON CONVENIENS

Assuming, but without conceding that jurisdiction is technically proper herein, the court should nonetheless dismiss the case based on the doctrine of *forum non conveniens*. It is well settled law that federal courts have discretion to decline jurisdiction over a case on the basis of *forum non conveniens*. In fact, the court need not even determine its subject matter or personal jurisdiction before dismissing an action based on *forum non conveniens* if it determines that, in any event a foreign tribunal is a more suitable arbiter of the merits of the case. See Sinochem International Co., Ltd v. Malaysia International Shipping Corporation, 2007 AMC 609.

### A.    The Applicable Legal Standards:

In a seminal opinion on the doctrine of *forum non conveniens*, the Supreme Court in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, set forth the factors to be considered by a trial court in exercising its discretion whether to dismiss a case on the ground of *forum non conveniens*. The court enumerated two spheres of consideration: the private interest of the litigants and the public interest. With respect to the private interests of the litigants, the court outlined the following important considerations: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses; (3) the costs of obtaining attendance of willing witnesses; (4) the possibility of view of premises, if view would be appropriate to the action; (5) the enforceability of judgment if obtained; and (6) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* at 508. Public interest factors, on the other hand, include (1) administrative difficulties resulting from court congestion; (2) imposing jury duty on the people of a community who have no relation to the litigation; and (3) the local

5

interest in having controversies decided at home. *Id. 508.*

And in <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, the Supreme Court applying the *Gilbert* standard in an international context explained that the trial court, in a forum non conveniens inquiry must first, determine whether an alternative forum exists and second, the court must determine which forum is best suited to the litigation. *Id.* at 254-55.

Ordinarily, a plaintiff's choice of forum is entitled to deference in a *forum non conveniens* analysis, especially if it is plaintiff's home forum. However, when, as in the present case, the plaintiff's choice of forum is not its home forum, the presumption in plaintiff's favor applies with less force, for the assumption that the chosen forum is appropriate is in such cases less reasonable. See <u>Piper</u>, *Id.* In an in personam action such as this one, the court should be suspicious of a plaintiff's motive for bringing his action in a foreign forum. See <u>Perusahaan Umum Listrik Negara Pusat, et al v. M/V Tel Aviv, Etc., et al</u>, 1985 AMC 67, 711 F.2d 1231. In the present case, the plaintiff's choice of forum is not the home forum; therefore it's chosen forum should not only be accorded less deference but should be viewed with suspicion. As stated in the complaint, plaintiff is a Marshall Island's corporation with offices and agent in Greece. It does not have any presence in the State of New York or the United States.

The defendant contends that all the factors enunciated in the *Gilbert* case point towards a dismissal in the present case.

**B.    Availability of Alternative Forum:**

A prerequisite for invoking the doctrine of *forum non conveniens* is that an alternative forum is readily available. See <u>Piper</u>, *Id.*; see also <u>Perusahaan Umum Listrik Negara Pusat v. M/V Tel Aviv</u>, *Id.* Defendant satisfies this condition. The plaintiff can sue defendant in Nigeria if

6

the action is dismissed here. Nigeria was a former colony of Great Britain and its legal system is based on the English Common Law. Section 251 of the Constitution of the Federal Republic of Nigeria (1999) confers exclusive jurisdiction over admiralty and maritime matters on the Federal High Courts.

In addition to being available, the Nigeria forum is also an adequate and competent forum. A forum is adequate if it at least allows the filing of the type of suit involved and provides some remedy, albeit one that is substantially less than provided by United States laws. The Nigerian forum allows the type of action brought by plaintiff herein. The plaintiff entered the Nigerian waters to trade there, was involved in an accident there, and is therefore subject to Nigerian jurisdiction. It cannot argue in good faith that the Nigerian forum is inadequate.

The mere fact that the remedy available in the Nigerian forum under Nigerian laws may not be as generous and favorable to the plaintiff is not even enough reason to justify retention of this action in the present forum. In Piper Aircraft Co. v. Reyno, *Id.*, the Supreme Court held that the fact that foreign law was less favorable for the plaintiff should not be given substantial weight in a *forum non conveniens* inquiry; the relative convenience of each forum as a place of trial should be the main focus of the trial court. See also, Gonzalez v. Chrysler Corp., 301 F.3d 377 (5th Cir. 2002); Vasquez v. Bridgestone/Firestone, Inc., 325 F.3d 665 (5th Cir. 2003) – a foreign forum that allows some remedy, although not as generous as in the United States, is nonetheless adequate in the context of a *forum non conveniens* analysis.

More importantly, to satisfy both the concerns of availability and adequacy which the plaintiff might have, the defendant is willing to stipulate to the usual conditions attendant to a *forum non conveniens* dismissal, to wit: defendant will submit to service of process and

7

jurisdiction in Nigeria and will waive any limitations defenses that would not have been available when the complaint was filed in New York. In the *Perusahaan* case, the court held that the defendant's offer to submit to the jurisdiction and post security in the alternative forum satisfies the *Gilbert* concerns of availability and adequacy.

## C.    Nigeria is the Most Convenient Forum for Trial:

The central purpose of a *forum non conveniens* inquiry is to determine where trial will be most convenient and will serve the ends of justice. See <u>Maganlal & Co. v. M.G. Chem. Co.</u>, 942 F.2d 164, 167 (2 Cir. 1991); <u>Piper</u>, *Id.* at 256. The doctrine, as applied by the courts, seeks to protect a defendant from substantial and unnecessary effort and expense. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum "vex,' "harass," or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. As already stated above, the legal standards articulated in the Gilbert case require the court, in a *forum non conveniens* inquiry, to weigh both the "private interest factors" affecting the convenience of the litigants as well as the "public interest factors" affecting the convenience of the forum. <u>Gilbert</u>, *Id.* at 508. See also, <u>Amelia B. Penny, Admx., et al v. United Fruit Company, et al</u>, 1995 AMC 652. Although the defendant bears the burden of showing that the Nigerian forum is a more convenient jurisdiction to bring this action and that the interests of justice would be better served by trial there, it is pertinent to note that that burden is less onerous where, as here, all the parties are non-residents. See <u>Alcoa S.S. Co., Inc. v. M/V Nordic Regent</u>, 1979 AMC 1 (2 Cir., 1979).

The private interests in this case point decidedly towards a dismissal. Each of the Gilbert private interest factors indicate that Nigeria is the more convenient and appropriate forum for the trial of this action. All events giving rise to the within action occurred in Nigeria which is thus the nub of the controversy. Virtually every significant source of proof in this case will be found in Nigeria. Testimony at trial will come from the crew of the defendant's vessel and relevant employees of the defendant. Both the crew members and such other relevant employees of the defendant reside in Nigeria. (See Affidavit, Exhibit 1). In addition, testimony may be elicited from the crew of the vessel, STELLAR being towed by the defendant's vessel at the time of the accident. The crew of the vessel STELLAR do not reside in this forum. All these principal liability witnesses will have to travel to New York for trial at a very prohibitive cost to the defendant. While we do not know at this time where the crew members and relevant employees of the plaintiff reside, there is no indication that they reside in the chosen forum.

The incident giving rise to this action was reported to the Nigerian Police, Marine Division, which also investigated same and issued a report. Testimony will be elicited from the investigating officers of the Nigerian Police Force who will have to travel to New York at great expense if this matter is retained in this forum. Compulsory process is not be available in this forum against members of the Nigeria Police Force and other witnesses residing in Nigeria while the same would be available in Nigeria for the benefits of both parties herein.

Another major obstacle that will be encountered by defendant in any attempt to bring witnesses from Nigeria is the "Visa problem". As stated in the affidavit of Olaronke Esemitodje, a defendant's officer, inability to obtain visa to travel to Spain prevented their representative from being present for a joint inspection or survey of plaintiff's vessel in Spain. Obtaining a visa

by Nigerians to travel to the United States is even a more difficult matter. Thus, having the trial in New York may lead to a situation where defendant's key witnesses may be unable to participate because they could not obtain travel visas to the United States.

Plaintiff's vessel underwent repairs in Lagos, Nigeria. Also, defendant's vessel was repaired in Nigeria. Thus, both vessels were surveyed by maritime experts and engineers who conducted their work in relation to the collision out of their respective offices in Nigeria and whose personnel and records are within the compulsory process jurisdiction of the Nigerian courts, not New York courts. The testimony of the experts would be needed on the issue of damages and if the case is tried in Nigeria, such testimony can be obtained at very reduced cost. On the other hand, if this case is retained in this forum, said maritime experts who conducted the survey and repairs would have to travel to New York at great expense and inconvenience in order to testify at trial. Also, it might be necessary to hear expert testimony concerning the rules applicable to piloting and navigating on the Bonny River/Anchorage in Nigeria, and such experts are likely to be located in Nigeria rather than the United States.

Since none of the parties, witnesses or sources of proof reside in New York or in this country, it is the defendant's contention that permitting this case to remain in New York would only increase expenses in connection with the suit, force substantial travel to be undertaken in pursuance of discovery, investigation and trial. And it would amount to injustice if this case is retained in this forum because the court would have to apply Nigerian law to a case arising from an accident which occurred in Nigeria, against a Nigerian defendant and with most of the witnesses and physical evidence located in Nigeria.

**D.    No Public Interest to Adjudicate this Case in this Forum:**

The public interest factors enumerated in the *Gilbert* Case also favor a dismissal of this case on the grounds of the doctrine of *forum non conveniens.* The three principles underlying the public interest factors have been summarized as follows: First, that courts may validly protect their dockets from cases which arise within their jurisdiction, but which lack significant connection to it; second, that courts may legitimately encourage trial of controversies in the localities in which they arise; and third, that a court may validly consider its familiarity with governing law when deciding whether to retain jurisdiction over a case.

The Southern District of New York has no public interest in adjudicating this matter in this forum. There is virtually no connection between this case and New York or this country other than that the plaintiff commenced the action here and their attorneys reside here. It has been the practice of courts in this District that when a dispute arises, parties should be encouraged to seek judicial resolution in the most convenient forum respecting the various public and private interests outlined in the *Gilbert* Case. The United States has no stake in this dispute which occurred on foreign waters and involved no American interests. The plaintiff cannot possibly demonstrate any factor that would justify the considerable commitment of judicial time and resources that would inevitably be required if this case were to be tried in the United States. On the other hand, the sovereign nation of Nigeria has interest in having disputes that arise within its territory decided there. The collision occurred in Nigeria, the defendant is a Nigeria corporation, the principal liability and damage witnesses are resident in Nigeria, and plaintiff does business in Nigeria. Therefore, the public interest factors weigh heavily in favor of a dismissal on grounds of *forum non conveniens.* Retention of jurisdiction in these circumstances will be eminently unjust

11

to defendant and devoid of a right sense of justice. Furthermore, this court would be required to hear evidence as to liability under Nigerian law, on which it is not very familiar.

<u>**CONCLUSION**</u>

For the foregoing reasons, defendant respectfully requests that the court grant the within motion and dismiss the Complaint for lack of personal and subject matter jurisdiction and on the basis of *forum non conveniens*.

Dated: Brooklyn, New York
      July 23, 2008

                              Philip Akakwam, Esq. (PA-8294)
                              Attorney for Defendant
                              303 Livingston Street, 2Fl
                              Brooklyn, N.Y. 11217
                              (718) 858-2488



197-08/PJG
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
Aracruz Trading Ltd.
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
Peter J. Gutowski (PG 2200)
Barbara G. Carnevale (BC 1651)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ARACRUZ TRADING LTD.,

                                    Plaintiff,                 **VERIFIED COMPLAINT**

        -against-

JAPAUL OIL AND MARITIME SERVICES PLC,

                                    Defendant.
--------------------------------------------------------------x

    Plaintiff ARACRUZ TRADING LTD ("ARACRUZ"), by its attorneys Freehill

Hogan & Mahar LLP, as and for its Verified Complaint against Defendant JAPAUL OIL

AND MARITIME SERVICES PLC ("JAPAUL"), alleges upon information and belief as

follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h)

of the Federal Rules of Civil Procedure in that it involves a claim for damages arising

from a collision between the M/T GAS AMAZON and the derelict ship STELLAR which

was being towed by the tug JAPAUL B.  The case thus falls within this Court's admiralty

and maritime jurisdiction pursuant to 28 U.S.C. §1333, *et seq.*

    2.    At all times material hereto, Plaintiff ARACRUZ was and still is a

business entity organized and existing under the laws of the Marshall Islands, with an

NYDOCS1/302212.1

office and place of business in c/o its agent Stealth Maritime Corporation S.A. at 331 Kifissias Avenue 14561 Kifissia, Greece.

3.    At all times material hereto, Plaintiff ARACRUZ was and still is the Owner of the ocean going M/T GAS AMAZON.

4.    At all times material hereto, Defendant JAPAUL was and still is a business entity organized and existing under the laws of a foreign country, with an office and place of business at Plot 39 Eastern-By-Pass, Maritime Base, Port Harcourt, Rivers State, Nigeria, and was and still is the owner of the tug boat JAPAUL B.

5.    On or about February 19, 2008, the Defendant's tug boat JAPAUL B undertook to tow a wrecked and derelict vessel the M/T STELLAR through the outer anchorage at Port Harcourt.

6.    While under the control and tow of the JAPAUL B, the M/T STELLAR struck and hit the M/T GAS AMAZON while the latter was at anchor.

7.    The cause of the collision was the negligence of the Defendant, its servants or agents in their failure to properly navigate the flotilla consisting of the JAPAUL B and the M/T STELLAR and/or otherwise in their failure to observe and adhere to all provisions of applicable legislation and international regulations regarding the movements of vessels and the avoidance of collision.

8.    As a consequence of the foregoing, the Plaintiff has suffered damages which, as nearly as can be computed, include the following items of claim:

| | | |
|---|---|---|
| Temporary repairs in Lagos | USD | 2,500.00 |
| General expenses in Lagos | USD | 3,500.00 |
| Permanent repairs in Algeciras | USD | 120,000.00 |
| Disbursements account | USD | 30,000.00 |

| | |
|---|---|
| General expenses in Algeciras | USD  25,000.00 |
| Inerting and gassing-up expenses | USD  75,000.00 |
| Total off-hire | USD370,000.00 |
| Bunkers/LO consumption | USD130,000.00 |
| Total | USD756,000.00 |

9.    Plaintiff expressly reserves the right to amend this Complaint to adjust the quantum of its claims as additional information becomes available and/or to amend this Complaint to incorporate any further or additional types of damage as yet not readily apparent.



10.    After investigation, the Defendant JAPAUL cannot be "found" with the District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant in its name or as may be held, received or transferred for its benefit at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

11.    This action is brought to obtain jurisdiction over the Defendant, and to obtain security in respect to the Plaintiff's damages, together with an allowance for interest and anticipated costs which, as nearly can be estimated, totals $158,760, and for judgment on the claim and subsequent enforcement thereon against any security obtained in this action.

NYDOCS1/302212.1

12.     Based upon the foregoing, the total amount Plaintiff seek to attach in this action, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, is **$914,760.**

W H E R E F O R E, Plaintiff pray:

a.  That process in due form of law according to the practice of this Court may issue against Defendant JAPAUL, citing it to appear and answer the foregoing failing which a default will be taken;

b.  That if the Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant as described herein, up to and including the amount of the claims of **$914,760** be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held or being transferred to or for the benefit of the Defendant at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein;

c.  That this Court enter judgment on the Plaintiff's claims as aforesaid and/or retain jurisdiction of this matter for purposes of entry of judgment on any judgment entered elsewhere and thereafter enter judgment herein and allow execution against any assets restrained by virtue of this action and,

    d.  That Plaintiff has such other, further and different relief as this Court may

deem just and proper.

Dated: New York, New York
       April 10, 2008

                    FREEHILL HOGAN & MAHAR LLP
                    Attorneys for Plaintiff

        By:

                    Peter J. Gutowski (PG 2200)
                    80 Pine Street
                    New York, NY  10005

## ATTORNEY VERIFICATION

State of New York   )
              ) ss.:
County of New York )

Peter J. Gutowski, being duly sworn, deposes and says:

1.    I am an attorney with the law firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiffs in this action. I have read the foregoing Amended Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.    The sources of my information and the grounds for my belief are communications from our client and its Hong Kong solicitors and documents provided by our client and its Hong Kong solicitors regarding this claim.

3.    The reason this verification is made by an attorney and not by the Plaintiffs is because the Plaintiffs are foreign entities, none of whose officers are presently within the State of New York.

Peter J. Gutowski

Sworn to before me this
10th day of April, 2008

NOTARY PUBLIC

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2010

NYDOCS1/302212.1