UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
================================X 08 CV 3511

ARACRUZ TRADING LTD.,

      Plaintiff,    **AFFIDAVIT IN SUPPORT**

 -Against-


JAPAUL OIL AND MARINE SERVICES
    Defendant
================================X


**I, Olaronke Esemitodje (Mrs), Nigeria Citizen, Christian, Female, Adult, Solicitor of No. 39 Eastern-by-pass, Marine Base, Port Harcourt, Rivers State, Nigeria,** being duly sworn, deposes and states as follows:

1. That I am an officer of the defendant herein, in that I am the Company Secretary/Legal adviser of the defendant corporation and as such I am familiar with the facts and circumstances of this action.

2. That this affidavit is submitted in support of the within application seeking the dismissal of the subject action predicate on forum non convinens, lack of personal jurisdiction and an application to vacate the court ordered Order of Attachment.

3. That the plaintiff herein commenced the subject action to seek damages for alleged property damage to its vessel, which was alleged to have occurred in Port Harcourt, Rivers State, Nigeria.

4. That the defendant corporation is duly registered to do business in Nigeria without any presence in United States. A certified true copy from the Corporate Affairs Commission Headquarters of the Companies registry in Nigeria of the notice of situation of the registered office of the Defendant Corporation called "Form C06" is exhibited hereto and marked as <u>Exhibit OE1</u>.

5. That there are no employees of the corporation in the United States of America.

6. That the defendant corporation does not engage in any business transaction in New York State to suggest that the defendant intends to benefit from the laws of New York State.

7. That while we deny any negligence on the part of the defendant herein, in the event that the within action goes to trial, there are over five employees of our corporation who are competent, necessary and compelling witnesses in this action.

8. That undoubtedly, the defense of this action in United States has caused untold hardship to our corporation which is continuing and it will continue to cause more hardship and expenses in the future.

9. That apart from the employees of the corporation, there are witnesses which include but not limited to members of the Nigeria Police, our retained surveyor, the captain of the vessel and engineer.

10. That the Nigerian court is capable and available to effectively adjudicate this matter. This is so especially when the Legal system in Nigerian is similar to the United States legal system in that it is Anglo Saxon in nature.

11. Also, the Nigerian laws are not repugnant to natural justice, equity, good conscience and public policy in United States but based on democratic norms and principles.

12. That to bring the aforementioned witnesses to United State is simply impossible because it is expensive and likelihood of obtaining United State visas is negative. For example our retained surveyor/ engineer could not obtain a visa to visit Spain in order to inspect the plaintiff alleged damaged vessel.

13. Also, plaintiff has consistently acted in bad faith in respect of this matter in that they unjustifiably moved their vessel from Nigeria where the alleged accident occurred to Spain without giving the defendant and the Nigeria Police an opportunity to determine the nature and extent of the damage to the vessel through an inspection.

14. Also, plaintiff commenced this action in this court in bad faith, in that they only intend to harass and intimidate the defendant. This is so especially when the defendant and its affiliated companies have consistently commenced and defended various actions in Nigerian courts.

15. That the Plaintiff has a retained solicitor in Nigeria. A copy of the letter written by the Plaintiff's Solicitors letter to the defendant corporation is exhibited hereto and marked Exhibit OE2.

16. That the already exparte order obtained by the plaintiff in this action, has nearly grounded the defendant's business as more than $2,000,000.00 (Two Million Dollars) of the Defendant Corporation monies had been garnisheed, where as what the Plaintiff is claiming is less than $1,000,000.00 (One Million Dollars).

17. That defendant has no business contacts with the territorial jurisdiction of this court to warrant this honorable court to assume jurisdiction.

18. That there has been no previous application for the relief requested herein.

**WHEREFORE,** it is respectfully requested that the within application be granted in its entirety.

_____
**Olaronke Esemitodje (Mrs)**

Sworn to before me this ......14th..........day of July, 2008.

_____
NOTARY PUBLIC



# CORPORATE AFFAIRS COMMISSION
P.M.B.198, ABUJA

Form C.O.6

RC.NO _____

## COMPANIES AND ALLIED MATTERS DECREE 1990

Notice of Situation of Registered Office or of any change therein.

*Pursuant to Section 630 (2)*

Name of Company _____ JAPAUL _____ LIMITED _____

_____ Limited.

by _____ LAI TAIESE CHIKWUDI ESQ. _____

Name _____ REGENT CHAMBERS _____

_____ OPPOSITE HIMMA FILLING STATION _____

_____ GWAGWALADA - ABUJA _____

Chasnye Akparanta SAN

## NOTICE OF SITUATION OF REGISTERED OFFICE OF

JAPAUL _____ Limited

or of any change therein.

## TO THE REGISTRAR GENERAL.

JAPAUL _____ Limited hereby gives

notice, in accordance with section 630 (2) of the Companies Decree that the Registered Office of the Company is situated at NO 4, OLUSEGUN STREET, WOJI, PORT-HARCOURT, RIVERS STATE

*Corporate Affairs Commission*
*Certified True Copy*
*11 JUL 2008*

................... (Signature)
Designation: ...................
Signature: ...................
(State whether Director or Manager or S...)

Chasnye Alkparanta SAN

21st _____ day of MAY _____ 19___ 9