UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

ARACRUZ TRADING LTD.,           08 Civ. 3511 (JGK)

           Plaintiff,          **AFFIRMATION IN**
-against-          **SUPPORT OF MOTION**

JAPAUL OIL AND MARITIME SERVICES, PLC

           Defendant.
------------------------------------------------------x

    PHILIP AKAKWAM, ESQ., an attorney admitted to practice law in the State of New York, and a member in good standing of the Bar of this Court, affirms the following under penalties of perjury:

    1.     I am the attorney for the defendant in the within action and as such I am familiar with the facts and circumstances set forth herein, based upon a review of the case file maintained by my office in this matter and information from my clients.

    2.     This affirmation is submitted in support of Defendant's Motion to dismiss the within action for lack of personal and subject matter jurisdiction and on the grounds of *forum non conveniens*.

    3.     This is an action in admiralty within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

    4.     The action arises from a collision between two vessels in the territorial waters of the Federal Republic of Nigeria.

    5.     The plaintiff seeks to recover damages for loss allegedly caused to its vessel M/T GAS AMAZON by defendant's vessel JAPAUL B while the latter was towing a derelict Ship, STELLAR.

    6.     Both parties in this action are foreigners. Paragraph 2 of plaintiff's complaint states that plaintiff is a foreign corporation organized under the laws of Marshal Islands and with

an office and place of business in Kifissia, Greece.

7. And Paragraph 4 of plaintiff's complaint acknowledges that defendant is a foreign corporation located in Port Harcourt, Rivers State, Nigeria. Defendant is a Nigerian corporation with no contacts in the United States. A copy of the complaint is attached as Exhibit 2.

8. According to the affidavit of Olaronke Esemitodje, an officer of defendant, the defendant does not conduct any business in the United States, and all its employees reside in Nigeria. It does not have any contacts in New York or the United States. A copy of the affidavit is attached as Exhibit 1.

9. According to plaintiff's complaint, the offending events causing plaintiff's alleged damages occurred solely in Port Harcourt, Nigeria. In fact, at the time of the accident, the plaintiff's vessel was anchored within the "Bonny Anchorage", within the territorial waters of Nigeria, and subject to the control and jurisdiction of the sovereign state of Nigeria.

10. All of the witnesses to these incidents, except for the plaintiff, are located and reside in Nigeria. There are no witnesses that reside in the State of New York, or United States for that matter.

11. Neither plaintiff nor the alleged incident had any connection whatsoever with the United States. Therefore, this Honorable Court should dismiss this action for Forum Non Conveniens and/or lack of jurisdiction over all the necessary parties, because whatever rights the plaintiff may have can be more adequately litigated in the Federal Republic of Nigeria.

12. Transportation of these witnesses and the physical evidence to New York for trial would be at a considerable expense and inconvenience to the defendant.

13. More importantly, even if defendant had the resources and witnesses were willing to travel to New York to participate in this proceedings, there is no guarantee that such witnesses will be granted visa to travel to the United States. Also, there is no guarantee that the officers of

the defendant company will be granted visa to travel to the United States to defend this action.

14. As stated in the affidavit of the defendant officer, they could not obtain visa to Spain to inspect the vessel after the plaintiff's took the allegedly damaged vessel to Spain.

15. Following the incident set out in the complaint, the Nigerian Police was called to the scene of the accident and conducted investigations into the incident. The defendant cannot compel the Nigerian Police to appear in New York for a trial.

16. Because this incident occurred entirely in Port Harcourt, Nigeria, the law that must be applied to determine liability and damage is the law of the Federal Republic of Nigeria.

17. The plaintiff has an available forum in which to seek redress for any damages suffered in this incident, in that plaintiff may file an action in the Federal High Court in Nigeria which is the court conferred with exclusive jurisdiction in admiralty and maritime matters under the Constitution of Nigeria. There Nigerian courts are not only available but are also an adequate alternative forum.

18. I have been advised by the defendant's officers that defendant has not yet been served with the summons and complaint in the within action.

19. That as is more fully set out in the accompanying Memorandum of Law, this motion should be granted for lack of personal and subject matter jurisdiction and on the basis of forum non conveniens.

Dated: Brooklyn, New York
       July 23, 2008

_____
Philip A. Akakwam (PA 8294)