UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ARACRUZ TRADING LTD.,                                    08 Civ. 3511 (JGK)

        Plaintiff,

  - against-

JAPAUL OIL AND MARITIME SERVICES, PLC

        Defendant.
-------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

**PHILIP AKAKWAM, ESQ**
303 Livingston Street, 2Fl
**Brooklyn, New York 11217**
(718) 858-2488

**Attorney for Defendant**

# TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF FACTS | 2 |
| ARGUMENT | 3 |
| POINT I | 3 |
| THE COURT LACKS PERSONAL JURISDICTION OVER THE DEFENDANT | 3 |
| POINT II | 4 |
| THE COURT LACKS SUBJECT MATTER JURISDICTION | 4 |
| POINT III | 5 |
| THE CASE SHOULD BE DISMISSED ON GROUNDS OF FORUM NON CONVENIENS | 5 |
| A. The Applicable Legal Standards | 5 |
| B. Availability of Alternative Forum | 6 |
| C. Nigeria is the Most Convenient Forum for Trial | 8 |
| D. No Public Interest to Adjudicate this Case in this Forum | 11 |
| CONCLUSION | 12 |

# TABLE OF AUTHORITIES

| CASE | PAGE |
|---|---|
| Alcoa S.S. Co., Inc. v. M/V Nordic Regent, 1979 AMC 1 (2 Cir., 1979) | 8 |
| Amelia B. Penny, Admx., et al v. United Fruit Company, et al, 1995 AMC 652 | 8 |
| Burger King Corp. v. Rudzewitz, 471 U.S. 462, 471-72 (1985) | 3 |
| Gonzalez v. Chrysler Corp., 301 F.3d 377 (5th Cir. 2002) | 7 |
| Gulf Oil Corp. v. Gilbert, 330 U.S. 501 | 5, 11 |
| Handerson v. INS, 157 F.3d 106, 123 (2nd Cir., 1998) | 3 |
| International Shoe v. Washington, 326 U.S. 310 (1945) | 3 |
| Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527 | 4 |
| Maganlal & Co. v. M.G. Chem. Co., 942 F.2d 164, 167 (2 Cir. 1991) | 8 |
| Perusahaan Umum Listrik Negara Pusat v. M/V Tel Aviv, Etc, et al, 1985 AMC 67, 711 F.2d 1231 | 6 |
| Piper Aircraft Co. v. Reyno, 454 U.S. 235 | 6, 7, 8 |
| Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574 | 3-4 |
| Sharma v. Skaarup Ship Management Corp., 699 F.Supp 440, 448 (S.D.N.Y. 1988) | 4 |
| Sinochem International Co., Ltd v. Malaysia International Shipping Corporation, 2007 AMC 609 | 5 |
| Vasquez v. Bridgestone/Firestone, Inc., 325 F.3d 665 (5th Cir. 2003) | 7 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x
ARACRUZ TRADING LTD.,

                        Plaintiff,                08 Civ. 3511 (JGK)

-against-

JAPAUL OIL AND MARITIME SERVICES, PLC,

                        Defendant.
-------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR DISMISSAL PURSUANT TO RULES 12(b)
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**PRELIMINARY STATEMENT**

Plaintiff brings this action pursuant to the Court's Admiralty and Maritime Jurisdiction under 28 U.S.C. § 1333, et seq. for damages allegedly arising from a collision between plaintiff's vessel M/T Gas Amazon and a derelict ship Stellar while the later was being towed by the tug boat Japaul B owned by the defendant. The collision occurred within the territorial waters of the Federal Republic of Nigeria. None of the events giving rise to the within action occurred in the Southern District of New York or in the United States of America.

The parties are neither citizens nor residents of the State of New York or the United States of America. The defendant is a corporation registered in Nigeria and has no contacts to the State of New York. Defendant has not been served with the summons and complaint in this action.

The plaintiff, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, has attached property belonging to the defendant. Defendant now moves for dismissal pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on the grounds that (1)

the court lacks personal jurisdiction over the defendant; (2) the court lacks subject matter jurisdiction, and (3) the Nigerian forum is the most appropriate and convenient forum for this matter and the case should be dismissed on the doctrine of *forum non conveniens*.

## STATEMENT OF FACTS

This action arises from a collision in February 2008 between plaintiff's vessel and another vessel being towed by defendant's tug boat, JAPAUL B. The collision occurred in the coastal waters of Port Harcourt, Rivers State within the territorial waters of the sovereign nation of Nigeria. The plaintiff's vessel proceeded under its own power to Lagos, Nigeria, and later to Algeciras, Spain. The defendant's vessel was surveyed by damage experts in Nigeria. The plaintiff's vessel was also surveyed and underwent repairs in Lagos, Nigeria.

Both parties herein are foreign corporations with no contacts in the State of New York or United States. While the plaintiff is incorporated in the Marshall Islands, the defendant is a Nigerian corporation whose employees including the captain and crew of the vessel JAPAUL B are residents of Nigeria. The defendant is not doing business in the State of New York and has no contacts in this State or any other states in the United States of America. (See Exhibit 1, affidavit of Olaronke Esemitodje, an officer of defendant)

Plaintiff commenced the within action in April 2008 invoking the admiralty and maritime jurisdiction of this Court. A copy of the Complaint is attached as Exhibit 2. At the time of this motion, defendant has not been served with the summons and complaint in this matter. Acting under Rule B of the Supplemental Rules of the Federal Rules of Civil Procedure, the plaintiff sought and obtained an order attaching various assets of the defendant.

2

# ARGUMENT

## POINT II

### THE COURT LACKS PERSONAL JURISDICTION OVER THE DEFENDANT:

The requirement that federal courts have personal jurisdiction over the litigants before them arises from "an individual liberty interest in not being subject to the binding judgment of a forum with which he has established no meaningful contacts, ties or relations. <u>Burger King Corp. v. Rudzewitz</u>, 471 U.S. 462, 471-72 (1985). A federal court's jurisdiction over non-residents is governed by the law of the State in which the court sits - including that State's long arm statute - to the extent that the law comports with the constitutional requirements of due process under the United States Constitution. <u>Handerson v. INS</u>, 157 F.3d 106, 123 (2nd Cir., 1998). In New York, federal district courts would determine personal jurisdiction over foreign corporations by reference to §§ 301 and 302 of the CPLR. The court lacks personal jurisdiction over the defendant in the instant case in that the defendant herein falls outside the reach of New York's jurisdictional statutes, the New York CPLR §§ 301 and 302. Defendant has not been served with the summons and complaint herein. Even if the defendant were to be within the reach of such jurisdictional statutes and can be served with process, the exercise of jurisdiction over defendant in the present matter would be violative of their due process under the constitutional standards laid down in <u>International Shoe v. Washington</u>, 326 U.S. 310 (1945), and its progeny. The defendant herein is a Nigerian company with no contacts in the United States nor is there any indication that it conducts business in New York or this country. (See Affidavit, Exhibit 1). Even if defendant had any contacts with New York, such contacts must relate to the claim advanced by the plaintiff in order for the court to have personal jurisdiction over the defendant. See <u>Ruhrgas</u>

AG v. Marathon Oil Co., 526 U.S. 574 And jurisdiction over defendant cannot be based on § 302 (Long Arm Statute) because plaintiff cannot show that the tortious act committed in Port Harcourt Nigeria caused any injury in the State of New York. Also, it cannot be shown that defendant had any significant contacts with New York to justify any exercise of jurisdiction over it under New York's long arm jurisdiction statute.

## POINT II

### THIS COURT LACKS SUBJECT MATTER JURISDICTION:

Plaintiff had averred in its complaint that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333(1). It is trite law that a party seeking to invoke the admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) over a tort case must satisfy predicate conditions of both the location of the tort and maritime nature of the action. See Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, where the court held that Federal Maritime jurisdiction applies to the navigable waters of the United States and the "high sea" but does not extend into the territorial waters of other nations. Also, in Sharma v. Skaarup Ship Management Corp., 699 F.Supp 440, 448 (S.D.N.Y. 1988), the court held that no admiralty jurisdiction exists for tort which allegedly occurred in Vancouver, British Columbia, outside the navigable waters of the United States. In the instant case, it is not disputed that the tort occurred within the territorial waters of the sovereign nation of Nigeria and outside the navigable waters of the United States. There is therefore no admiralty jurisdiction over the matter herein.

4

## POINT III

## THE CASE SHOULD BE DISMISSED ON GROUNDS OF FORUM NON CONVENIENS

Assuming, but without conceding that jurisdiction is technically proper herein, the court should nonetheless dismiss the case based on the doctrine of *forum non conveniens*. It is well settled law that federal courts have discretion to decline jurisdiction over a case on the basis of *forum non conveniens*. In fact, the court need not even determine its subject matter or personal jurisdiction before dismissing an action based on *forum non conveniens* if it determines that, in any event a foreign tribunal is a more suitable arbiter of the merits of the case. See Sinochem International Co., Ltd v. Malaysia International Shipping Corporation, 2007 AMC 609.

### A.   The Applicable Legal Standards:

In a seminal opinion on the doctrine of *forum non conveniens*, the Supreme Court in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, set forth the factors to be considered by a trial court in exercising its discretion whether to dismiss a case on the ground of *forum non conveniens*. The court enumerated two spheres of consideration: the private interest of the litigants and the public interest. With respect to the private interests of the litigants, the court outlined the following important considerations: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses; (3) the costs of obtaining attendance of willing witnesses; (4) the possibility of view of premises, if view would be appropriate to the action; (5) the enforceability of judgment if obtained; and (6) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* at 508. Public interest factors, on the other hand, include (1) administrative difficulties resulting from court congestion; (2) imposing jury duty on the people of a community who have no relation to the litigation; and (3) the local

interest in having controversies decided at home. *Id. 508.*

And in Piper Aircraft Co. v. Reyno, 454 U.S. 235, the Supreme Court applying the *Gilbert* standard in an international context explained that the trial court, in a forum non conveniens inquiry must first, determine whether an alternative forum exists and second, the court must determine which forum is best suited to the litigation. *Id.* at 254-55.

Ordinarily, a plaintiff's choice of forum is entitled to deference in a *forum non conveniens* analysis, especially if it is plaintiff's home forum. However, when, as in the present case, the plaintiff's choice of forum is not its home forum, the presumption in plaintiff's favor applies with less force, for the assumption that the chosen forum is appropriate is in such cases less reasonable. See Piper, *Id.* In an in personam action such as this one, the court should be suspicious of a plaintiff's motive for bringing his action in a foreign forum. See Perusahaan Umum Listrik Negara Pusat, et al v. M/V Tel Aviv, Etc., et al, 1985 AMC 67, 711 F.2d 1231. In the present case, the plaintiff's choice of forum is not the home forum; therefore it's chosen forum should not only be accorded less deference but should be viewed with suspicion. As stated in the complaint, plaintiff is a Marshall Island's corporation with offices and agent in Greece. It does not have any presence in the State of New York or the United States.

The defendant contends that all the factors enunciated in the *Gilbert* case point towards a dismissal in the present case.

**B.   Availability of Alternative Forum:**

A prerequisite for invoking the doctrine of *forum non conveniens* is that an alternative forum is readily available. See Piper, *Id.*; see also Perusahaan Umum Listrik Negara Pusat v. M/V Tel Aviv, *Id.* Defendant satisfies this condition. The plaintiff can sue defendant in Nigeria if

6

the action is dismissed here. Nigeria was a former colony of Great Britain and its legal system is based on the English Common Law. Section 251 of the Constitution of the Federal Republic of Nigeria (1999) confers exclusive jurisdiction over admiralty and maritime matters on the Federal High Courts.

In addition to being available, the Nigeria forum is also an adequate and competent forum. A forum is adequate if it at least allows the filing of the type of suit involved and provides some remedy, albeit one that is substantially less than provided by United States laws. The Nigerian forum allows the type of action brought by plaintiff herein. The plaintiff entered the Nigerian waters to trade there, was involved in an accident there, and is therefore subject to Nigerian jurisdiction. It cannot argue in good faith that the Nigerian forum is inadequate.

The mere fact that the remedy available in the Nigerian forum under Nigerian laws may not be as generous and favorable to the plaintiff is not even enough reason to justify retention of this action in the present forum. In Piper Aircraft Co. v. Reyno, *Id.*, the Supreme Court held that the fact that foreign law was less favorable for the plaintiff should not be given substantial weight in a *forum non conveniens* inquiry; the relative convenience of each forum as a place of trial should be the main focus of the trial court. See also, Gonzalez v. Chrysler Corp., 301 F.3d 377 (5th Cir. 2002); Vasquez v. Bridgestone/Firestone, Inc., 325 F.3d 665 (5th Cir. 2003) – a foreign forum that allows some remedy, although not as generous as in the United States, is nonetheless adequate in the context of a *forum non conveniens* analysis.

More importantly, to satisfy both the concerns of availability and adequacy which the plaintiff might have, the defendant is willing to stipulate to the usual conditions attendant to a *forum non conveniens* dismissal, to wit: defendant will submit to service of process and

7

jurisdiction in Nigeria and will waive any limitations defenses that would not have been available when the complaint was filed in New York. In the *Perusahaan* case, the court held that the defendant's offer to submit to the jurisdiction and post security in the alternative forum satisfies the *Gilbert* concerns of availability and adequacy.

C.     **Nigeria is the Most Convenient Forum for Trial:**

The central purpose of a *forum non conveniens* inquiry is to determine where trial will be most convenient and will serve the ends of justice. See Maganlal & Co. v. M.G. Chem. Co., 942 F.2d 164, 167 (2 Cir. 1991); Piper, *Id.* at 256. The doctrine, as applied by the courts, seeks to protect a defendant from substantial and unnecessary effort and expense. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum "vex,' "harass," or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. As already stated above, the legal standards articulated in the Gilbert case require the court, in a *forum non conveniens* inquiry, to weigh both the "private interest factors" affecting the convenience of the litigants as well as the "public interest factors" affecting the convenience of the forum. Gilbert, *Id.* at 508. See also, Amelia B. Penny, Admx., et al v. United Fruit Company, et al, 1995 AMC 652. Although the defendant bears the burden of showing that the Nigerian forum is a more convenient jurisdiction to bring this action and that the interests of justice would be better served by trial there, it is pertinent to note that that burden is less onerous where, as here, all the parties are non-residents. See Alcoa S.S. Co., Inc. v. M/V Nordic Regent, 1979 AMC 1 (2 Cir., 1979).

The private interests in this case point decidedly towards a dismissal. Each of the Gilbert private interest factors indicate that Nigeria is the more convenient and appropriate forum for the trial of this action. All events giving rise to the within action occurred in Nigeria which is thus the nub of the controversy. Virtually every significant source of proof in this case will be found in Nigeria. Testimony at trial will come from the crew of the defendant's vessel and relevant employees of the defendant. Both the crew members and such other relevant employees of the defendant reside in Nigeria. (See Affidavit, Exhibit 1). In addition, testimony may be elicited from the crew of the vessel, STELLAR being towed by the defendant's vessel at the time of the accident. The crew of the vessel STELLAR do not reside in this forum. All these principal liability witnesses will have to travel to New York for trial at a very prohibitive cost to the defendant. While we do not know at this time where the crew members and relevant employees of the plaintiff reside, there is no indication that they reside in the chosen forum.

The incident giving rise to this action was reported to the Nigerian Police, Marine Division, which also investigated same and issued a report. Testimony will be elicited from the investigating officers of the Nigerian Police Force who will have to travel to New York at great expense if this matter is retained in this forum. Compulsory process is not be available in this forum against members of the Nigeria Police Force and other witnesses residing in Nigeria while the same would be available in Nigeria for the benefits of both parties herein.

Another major obstacle that will be encountered by defendant in any attempt to bring witnesses from Nigeria is the "Visa problem". As stated in the affidavit of Olaronke Esemitodje, a defendant's officer, inability to obtain visa to travel to Spain prevented their representative from being present for a joint inspection or survey of plaintiff's vessel in Spain. Obtaining a visa

9

by Nigerians to travel to the United States is even a more difficult matter. Thus, having the trial in New York may lead to a situation where defendant's key witnesses may be unable to participate because they could not obtain travel visas to the United States.

Plaintiff's vessel underwent repairs in Lagos, Nigeria. Also, defendant's vessel was repaired in Nigeria. Thus, both vessels were surveyed by maritime experts and engineers who conducted their work in relation to the collision out of their respective offices in Nigeria and whose personnel and records are within the compulsory process jurisdiction of the Nigerian courts, not New York courts. The testimony of the experts would be needed on the issue of damages and if the case is tried in Nigeria, such testimony can be obtained at very reduced cost. On the other hand, if this case is retained in this forum, said maritime experts who conducted the survey and repairs would have to travel to New York at great expense and inconvenience in order to testify at trial. Also, it might be necessary to hear expert testimony concerning the rules applicable to piloting and navigating on the Bonny River/Anchorage in Nigeria, and such experts are likely to be located in Nigeria rather than the United States.

Since none of the parties, witnesses or sources of proof reside in New York or in this country, it is the defendant's contention that permitting this case to remain in New York would only increase expenses in connection with the suit, force substantial travel to be undertaken in pursuance of discovery, investigation and trial. And it would amount to injustice if this case is retained in this forum because the court would have to apply Nigerian law to a case arising from an accident which occurred in Nigeria, against a Nigerian defendant and with most of the witnesses and physical evidence located in Nigeria.

**D.     No Public Interest to Adjudicate this Case in this Forum:**

The public interest factors enumerated in the *Gilbert* Case also favor a dismissal of this case on the grounds of the doctrine of *forum non conveniens*. The three principles underlying the public interest factors have been summarized as follows: First, that courts may validly protect their dockets from cases which arise within their jurisdiction, but which lack significant connection to it; second, that courts may legitimately encourage trial of controversies in the localities in which they arise; and third, that a court may validly consider its familiarity with governing law when deciding whether to retain jurisdiction over a case.

The Southern District of New York has no public interest in adjudicating this matter in this forum. There is virtually no connection between this case and New York or this country other than that the plaintiff commenced the action here and their attorneys reside here. It has been the practice of courts in this District that when a dispute arises, parties should be encouraged to seek judicial resolution in the most convenient forum respecting the various public and private interests outlined in the *Gilbert* Case. The United States has no stake in this dispute which occurred on foreign waters and involved no American interests. The plaintiff cannot possibly demonstrate any factor that would justify the considerable commitment of judicial time and resources that would inevitably be required if this case were to be tried in the United States. On the other hand, the sovereign nation of Nigeria has interest in having disputes that arise within its territory decided there. The collision occurred in Nigeria, the defendant is a Nigeria corporation, the principal liability and damage witnesses are resident in Nigeria, and plaintiff does business in Nigeria. Therefore, the public interest factors weigh heavily in favor of a dismissal on grounds of *forum non conveniens*. Retention of jurisdiction in these circumstances will be eminently unjust

to defendant and devoid of a right sense of justice. Furthermore, this court would be required to hear evidence as to liability under Nigerian law, on which it is not very familiar.

## **CONCLUSION**

For the foregoing reasons, defendant respectfully requests that the court grant the within motion and dismiss the Complaint for lack of personal and subject matter jurisdiction and on the basis of *forum non conveniens*.

Dated: Brooklyn, New York
       July 23, 2008

                                               Philip Akakwam, Esq. (PA-8294)
                                               Attorney for Defendant
                                               303 Livingston Street, 2Fl
                                               Brooklyn, N.Y. 11217
                                               (718) 858-2488